UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MARGARET WATSON, KENMAR BUTLER, and
RUBENZ DEUS,

            Plaintiffs,

    -against-

THE CITY OF NEW YORK, SERGEANT ROBERT HENDERSON, SERGEANT AVIS WASHINGTON, POLICE OFFICER ADAM WRIGHT, POLICE OFFICER JEROME TEAHAN, POLICE OFFICER GARRETT GORHAM, POLICE OFFICER GERBER FERNANDEZ, POLICE OFFICER MOHAMMED HABIB, and "JOHN/JANE DOES #1-10" believed to be members of the NEW YORK CITY POLICE DEPARTMENT,

            Defendants.
------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 0 9 2007 ★
BROOKLYN OFFICE

COMPLAINT

07 1917

ROSS, J.

REYES, M.J

PLAINTIFF DEMANDS
A TRIAL BY JURY

    Plaintiffs, Margaret Watson, Kenmar Butler, and Rubenz Deus, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

    1.    At all times hereinafter mentioned plaintiff Margaret Watson, a black adult female, was a resident of the County of Kings, City and State of New York.

    2.    At all times hereinafter mentioned plaintiff Kenmar Butler, a black adult male, was a resident of the County of Kings, City and State of New York. Mr. Butler is the son of plaintiff Watson.

    3.    At all times hereinafter mentioned plaintiff Rubenz Deus, a black adult male, was a resident of the County of Kings, City and State of New York.

4. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

5. At all times hereinafter mentioned, defendant Sergeant Robert Henderson, whose shield number is believed to be 02019, was assigned to the Anti-Crime Unit within the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

6. At all times hereinafter mentioned, defendant Sergeant Avis Washington was a Training Sergeant assigned to the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

7. At all times hereinafter mentioned, defendant Police Officer Adam Wright, whose shield number is believed to be 28142, was assigned to the Anti-Crime Unit within the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

8. At all times hereinafter mentioned, defendant Police Officer Jerome Teahan, whose shield number is believed to be 17587, was assigned to the Anti-Crime Unit within the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

9. At all times hereinafter mentioned, defendant Police Officer Garrett Gorham, whose shield number is believed to be 12001, was assigned to the 67th precinct of the

NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

10. At all times hereinafter mentioned, defendant Police Officer Gerber Fernandez, whose shield number is believed to be 27171, was assigned to the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

11. At all times hereinafter mentioned, defendant Police Officer Mohammed Habib, whose shield number is believed to be 12117, was assigned to the 67th precinct of the NYPD, located within Kings County, and was employed, retained, and trained by New York City, and was a state actor performing his duties under color of law.

12. At all times hereinafter mentioned, the defendants, "John/Jane Does #1-10" (collectively referred to herein as the "Doe defendants") were officers, detectives, sergeants, or members of the NYPD of another rank, and were employed, retained, and trained by New York City, and were state actors performing their duties under color of law.

13. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

14. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

15. That plaintiffs timely served Notices of Claim on the municipal defendant.

16. At least thirty days have elapsed since service of plaintiffs' Notice of Claims and adjustment and payment thereof has been neglected or refused.

## RELEVANT FACTS

17. During the evening hours of December 17, 2004, plaintiffs Butler and Deus were lawfully present on and walking along Foster Avenue when an unmarked radio patrol car pulled alongside and three members of the NYPD, believed to be defendants Henderson, Wright and Teahan, emerged from the car and instructed plaintiffs Butler and Deus to stop.

18. At no time did the defendants have sufficient cause to detain the plaintiffs, nor was there any basis for defendants to reasonably believe that such cause existed.

19. Defendants Fernandez and Habib were in uniform and present on foot in close proximity to the stop of the plaintiffs by defendants Henderson, Wright and Teahan. However, defendants Fernandez and Habib did not participate in this stop of the plaintiffs.

20. The defendants had previously stopped and detained plaintiff Butler without justification or sufficient legal cause.

21. Plaintiff Butler called out to his mother, plaintiff Watson, who was nearby, to ask her to come to where the plaintiffs were being detained by the defendants. As Ms. Watson approached, one of the defendants made a derogatory comment to Mr. Butler and threatened to get him later, when Ms. Watson was not present.

22. The three defendants then entered their vehicle. As the defendants began to drive away, they accelerated rapidly and drove the vehicle directly at the plaintiffs, before swerving at the last moment to avoid striking them. The plaintiffs, now joined by Ms. Watson, then resumed walking along Foster Avenue.

23. As they walked away from the scene of their detention, the plaintiffs were complaining amongst themselves about the conduct of the NYPD, and the three defendants who had stopped him in particular. Defendants Fernandez and Habib attempted to intervene in

plaintiffs' discussion by calling out to the plaintiffs and seeking to engage them in conversation.

24.     The plaintiffs did not stop to speak with the officers and continued walking past them towards the corner of Foster and Nostrand Avenues, while complaining about inappropriate conduct by the NYPD, and the NYPD's unfair and racist treatment of people in their community.

25.     Defendants Fernandez and/or Habib radioed for assistance, resulting in the sudden appearance of many NYPD members on the scene, including all of the defendants.

26.     These officers, including the defendants, without warning, grabbed the plaintiffs and forcibly arrested them.

27.     During the course of this arrest, the defendants used force against the plaintiffs, striking them with weapons, fists, and other body parts.

28.     At no time did any of the defendants have sufficient cause to detain or arrest the plaintiffs, nor was there any basis for the defendants to reasonably believe that such cause existed.

29.     At no time did any of the defendants have sufficient cause to use any level of force whatsoever against the plaintiffs, nor was there any basis for the defendants to reasonably believe that such cause existed.

30.     Plaintiffs were transported to the 67th police precinct where they were subjected to further unnecessary and unjustified force and verbal abuse, and then brought to Kings County Central Booking.

31.     Defendants then caused criminal process to be commenced against each of the plaintiffs. Each of the three plaintiffs was criminally charged with various offenses under Docket Numbers 2004KN074611, 2004KN 074569, and 2004KN074675. In sum and substance,

the defendants alleged that the plaintiffs assaulted them, obstructed governmental authority, engaged in disorderly conduct and harassment, and resisted arrest.

32. Defendants manufactured probable cause for the criminal prosecution against plaintiffs by knowingly submitting false statements of fact and deliberately withholding exculpatory information and evidence, but for which no probable cause for plaintiffs' prosecution existed.

33. Defendants' conduct in causing the plaintiffs to be subjected to criminal prosecution was malicious.

34. On or about September 27, 2006, following a criminal trial in Kings County Criminal Court, plaintiffs were adjudicated "not guilty" and all charges were dismissed.

35. At all times relevant herein, each of the defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

36. Plaintiffs repeat the allegations contained in paragraphs "1" through "35" above as though stated fully herein.

37. Defendants willfully and intentionally seized, searched, detained and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

38. Defendants willfully and intentionally subjected plaintiffs to excessive force by employing more than what was reasonably necessary under the circumstances, and

without a reasonable basis to believe that the use of such force was necessary.

39. Defendants maliciously caused the plaintiffs to be subjected to criminal process for which no probable cause existed, and which resulted in a termination favorable to the plaintiffs.

40. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, excessive force, unlawful searches of person and property, malicious prosecution and malicious use and abuse of process, and denial of their right to free speech, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injury, mental anguish, the loss of their constitutional rights, and to be unlawfully incarcerated and prosecuted.

## SECOND CAUSE OF ACTION

42. Plaintiffs repeat the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43. Defendants City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 67th precinct specifically.

44. Upon information and belief, defendants knew that there was inadequate supervision within the 67th precinct on and prior to December 17, 2004, and that NYPD guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD

members. Despite the prior notice of inadequate supervision, the municipal defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place at the 67th precinct in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiff herein.

45. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

46. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiffs to be deprived of their federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical injury, and mental anguish.

## THIRD CAUSE OF ACTION

47. Plaintiffs repeat the allegations contained in paragraphs "1" through "46" above as though stated fully herein.

48. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

49. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately

investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

50. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

51. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiffs of their right to equal protection under the law and impeded the due course of justice, in violation of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiffs to suffer emotional and physical injury, mental anguish, the loss of their constitutional rights, and to be unlawfully incarcerated and subjected to criminal prosecution.

**FOURTH CAUSE OF ACTION**

52. Plaintiffs repeat the allegations contained in paragraphs "1" through "51" above as though stated fully herein.

53. Defendants' violation of plaintiff's constitutional rights was motivated by

defendants' racial animus towards plaintiffs and was knowingly undertaken with the intent to deny the plaintiffs their his right to full and equal benefit of the laws on the basis of his race.

54. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and caused plaintiffs to be deprived of their federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical injury, and mental anguish.

## FIFTH CAUSE OF ACTION

55. Plaintiffs repeats the allegations contained in paragraphs "1" through "54" above as though stated fully herein.

56. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, detained, beaten, held in custody, and subjected to criminal process by the defendants.

57. At no time did defendants have probable cause, legal justification, authority, or any colorable legal basis for seizing, arresting, detaining, beating and searching plaintiffs, and commencing process, and said conduct, was unlawful.

58. The defendants are therefore liable to plaintiff for excessive force, false arrest and imprisonment, and malicious prosecution and malicious use and abuse of process.

59. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injury, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## SIXTH CAUSE OF ACTION

60. Plaintiffs repeat the allegations contained in paragraphs "1" through "59" above as though stated fully herein.

61. The defendants, individually, jointly and severally, and through their agents, servants, employees, and/or associates were responsible for the proper, adequate and necessary permissible police and law enforcement conduct with respect to any interaction with plaintiff.

62. The police and law enforcement conduct engaged in and rendered to plaintiff by the individual defendants, individually, jointly and through their agents, servants, employees, and/or associates was careless and negligent and not in accordance with good and accepted police and law enforcement practices and in violation of NYPD policies and procedures and was not otherwise reasonable conduct under the circumstances then and there existing.

63. As a result of the carelessness and negligence and violation of NYPD procedures and policies by the respective defendants, their agents, servants, employees and/or associates, plaintiffs were caused to sustain severe and irreparable personal injury and damage.

64. By reason thereof, the defendants have caused plaintiffs to suffer emotional and physical injury, mental anguish, and to be unlawfully incarcerated.

## SEVENTH CAUSE OF ACTION

65. Plaintiffs repeat the allegations contained in paragraphs "1" through "64" above as though stated fully herein.

66. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD generally and the 67th precinct specifically.

67. Upon information and belief, defendants knew that there was inadequate supervision within the 67th precinct on and prior to December 17, 2004, and that NYPD

guidelines, as promulgated in the Patrol Guide, were routinely ignored and violated by NYPD members. Despite prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place at the 67th precinct in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and specifically, the plaintiffs herein.

68. Defendants were deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

69. By reason thereof, defendants are liable to plaintiffs for their negligent retention and supervision of NYPD employees and agents, and caused plaintiffs to be deprived of their federal constitutional rights and to suffer emotional and physical injury, mental anguish, and to be unlawfully incarcerated and prosecuted.

## EIGHTH CAUSE OF ACTION

70. Plaintiffs repeat the allegations contained in paragraphs "1" through "69" above as though stated fully herein.

71. Defendants willfully and intentionally seized, beat, arrested and caused the prosecution of the plaintiffs without cause, and without a reasonable basis to believe such cause existed, and retaliated against plaintiffs for exercising their constitutional rights, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under Article 1, §§11, 12 of the Constitution of the State of New York.

72. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiffs their right to full and equal benefit of the laws on the basis of race.

73. By reason thereof, defendants have caused plaintiffs to be deprived of their state constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical injury, mental anguish, and unlawful incarceration and prosecution.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual and punitive damages in an amount to be determined at trial;

    iii.    on the third cause of action actual damages in an amount to be determined at trial;

    iv.    on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

    v.    on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

    vi.    on the sixth cause of action actual and punitive damages in an amount to be determined at trial;

vii. on the seventh cause of action actual and punitive damages in an amount to be determined at trial;

viii. on the eighth cause of action actual and punitive damages in an amount to be determined at trial;

ix. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

x. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
May 8, 2007

REIBMAN & WEINER

By: _____
Michael Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242
(718) 522-1743